UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOEL ALCARAZ-GONZALEZ, | Case No.: 3:22-cv-00393-MMD-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 9 |
| BENVIN, J., et al., | |
| Defendants | |

Plaintiff's First Amended Complaint (ECF No. 9) is before the court for screening.

## I. BACKGROUND

Plaintiff, who is in custody of the Washoe County Detention Facility (WCDF), filed an application for leave to proceed *in forma pauperis* (IFP) for an inmate and pro se complaint. (ECF Nos. 4, 1-1.) The court granted the IFP application, requiring Plaintiff to pay the filing fee over time, but dismissed the complaint with leave to amend. (ECF No. 5.)

In the original complaint, Plaintiff named as defendants the Reno Police Department (RPD), the Sparks Police Department (SPD), RPD Officer Joclyn Benvin, SPD K-9 Unit Official T. Radley, and RPD Law Enforcement Official J. Kincaid. He asserted that his rights under the First, Fourth, Eighth, and Fourteenth Amendments were violated.

Plaintiff alleged that on April 27, 2022, he was illegally searched and seized, and he was beaten when he was tackled to the ground and punched in the face, forcing him to seek medical attention. He mentioned RPD and SPD officers of the Regional Crime Suppression Unit as well as Detectives Gamboa, Sandoval, Sheffield, and defendants Benvin, Kincaid, and Radley.

The court screened Plaintiff's complaint under 28 U.S.C. §§ 1915(e) and § 1915A. (ECF No. 5.) First, the court advised Plaintiff that claims for unlawful search and seizure and excessive

force by a free citizen are governed by the Fourth Amendment, and not the First, Eighth, or Fourteenth Amendments.

The court further instructed Plaintiff that to plead a claim under section 1983, a Plaintiff must identify what constitutional right each defendant violated, and provide sufficient *facts* to plausibly support a violation by each defendant. While Plaintiff referenced defendants Benvin, Radley and Kincaid, he included no specific factual allegations regarding what they did to violate his rights.

Plaintiff also mentioned Detectives Gamboa, Sandoval, and Sheffield, but they were not named as defendants in the caption, and Plaintiff did not include any specific factual allegations detailing the role they played in any asserted constitutional violation.

Next, the court noted that RPD and SPD were not proper defendants, and while the cities of Reno and Sparks might be proper defendants, Plaintiff did not include sufficient allegations to hold a municipality liable.

As a result, Plaintiff's complaint was dismissed, and Plaintiff was given until March 3, 2023, to file an amended complaint. He was advised that the failure to timely file an amended complaint may result in dismissal of his action. (*Id*.)

On March 10, 2023, the court had not received an amended complaint; therefore, the undersigned issued a report and recommendation for dismissal of this action without prejudice. (ECF No. 8.)

On March 13, 2023, Plaintiff filed a belated First Amended Complaint (FAC). (ECF No. 9.)

On this one occasion, the court will withdraw the report and recommendation to dismiss this action without prejudice, and the court will exercise its discretion to screen the belated FAC.

2

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's FAC**

    **1. Allegations**

The Amended Complaint names as defendants in the caption: J. Benvin, T. Radley, J. Kincaid, Sandoval and Gamboa. (ECF No. 9 at 1.) Under the "nature of the case" section of his complaint, Plaintiff alleges that he was arrested coming out of a room of a Peppermill tower, and was beaten up, and punched multiple times to the point where he was transported to the hospital, based on a hearsay investigation that he was the one driving a vehicle the police were looking for. (*Id*. at 2.)

Plaintiff goes on to allege that T. Radley was the first one to make contact with Plaintiff in the hallway when he tackled Plaintiff. Plaintiff asserts that then the rest of the officers, J. Benvin, Gamboa, and Sheffield, and all the Regional Crime Suppression Unit arrived and got on top of him, and then T. Radley kneeled down and started punching Plaintiff's face multiple times. After that, a taser was used to take control of Plaintiff's arms. (*Id*. at 3.)

Plaintiff then avers that he was illegally searched based on a hearsay investigation because the room (that he was leaving) was not under his name, and he was nowhere near the vehicle that the police were looking for, and neither the vehicle nor the keys were in his possession. (*Id*. at 4.)

Finally, Plaintiff alleges he was brutally beaten by Benvin, Radley, and detectives from the gang suppression unit. He asks the court to get the video footage from the Peppermill Tower and from each officer. (*Id*. at 5.)

**2. Fourth Amendment Excessive Force**

Claims of excessive force during an arrest or other seizure of a free citizen are evaluated under the Fourth Amendment and apply an "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). This analysis "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted).

Plaintiff states a colorable Fourth Amendment excessive force claim against Radley. While Plaintiff mentions Benvin and Gamboa, he includes no *specific* factual allegations about their involvement in the alleged excessive force incident. Plaintiff also mentions Sheffield, but

he is not listed as a defendant, and he includes no specific allegations as to Sheffield's involvement.

Finally, while Plaintiff lists Kincaid and Sandoval as defendants, he includes no factual allegations about them in the FAC.

Therefore, Plaintiff is permitted to proceed with a Fourth Amendment excessive force claim against Radley, but the excessive force claim against Benvin, Gamboa, Kincaid, and Sandoval is dismissed with leave to amend. To the extent Plaintiff seeks to include an excessive force claim against Sheffield, it is also dismissed with leave to amend. Plaintiff will be given one final opportunity to state an excessive force claim against these defendants.

**3. Fourth Amendment Illegal Search and Seizure**

Plaintiff also alleges that he was illegally searched and seized based on incorrect and hearsay evidence. It appears he is asserting there was no actual probable cause to arrest or search him.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend IV. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted). "Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (citation and quotation marks omitted).

Plaintiff does not allege which of the Defendants he claims violated his Fourth Amendment rights in this regard.

Moreover, Plaintiff's FAC does not indicate whether he was ultimately convicted of a crime related to this arrest or whether criminal proceedings are still pending, or otherwise discuss the status of the outcome of his arrest.

"If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (citing *Heck v. Humphrey*, 512 U.S. 477, 487-88, n. 8 (1994).

"If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id*. at 394 (citing *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck*, 512 U.S. at 487).

Plaintiff's Fourth Amendment illegal search and seizure claim will be dismissed with leave to amend so that Plaintiff can include specific *factual* allegations about how each particular defendant violated his rights *and* to describe the status of any criminal proceeding related to this incident so the court can determine how this claim shall proceed.

### III. CONCLUSION

(1) The report and recommendation to dismiss this action with prejudice (ECF No. 8) is hereby **WITHDRAWN**.

(2) Plaintiff may **PROCEED** with his Fourth Amendment excessive force claim against Radley; however, the Fourth Amendment excessive force claim is **DISMISSED WITH LEAVE**

**TO AMEND** as to Benvin, Gamboa, Kincaid, Sandoval and Sheffield (to the extent Plaintiff seeks to include Sheffield as a defendant).

(3) Plaintiff's Fourth Amendment illegal search and seizure claim is **DISMISSED WITH LEAVE TO AMEND** consistent with the instructions in this Order.

(4) Plaintiff has **30 DAYS** from the date of this Order to file a second amended complaint correcting the deficiencies noted above. The second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall check the box for the second amended complaint on the court's form civil rights complaint. If Plaintiff fails to timely file an amended complaint within the 30 days, the action will proceed with the Fourth Amendment excessive force claim against Radley.

(5) The Court will address service on Radley (and any other defendant) once Plaintiff files his second amended complaint or the deadline to file the second amended complaint has expired.

**IT IS SO ORDERED**.

Dated: April 11, 2023

_____
Craig S. Denney
United States Magistrate Judge