# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOEL ALCARAZ GONZALEZ,<br><br>Plaintiff<br><br>v.<br><br>BENVIN, et al.,,<br><br>Defendants | Case No.: 3:22-cv-00393-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal of this action for failure to keep the court apprised of his address or otherwise prosecute this action.

## I. BACKGROUND

When Plaintiff filed this action, he was an inmate in the custody of the Washoe County Detention Facility (WCDF). He filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. The court screened the original complaint and dismissed it with leave to amend. On April 11, 2023, the court issued an order screening Plaintiff's belated amended complaint. The court allowed Plaintiff to proceed with his Fourth Amendment excessive force claim against defendant Radley. His excessive force claim against Benvin, Gamboa, Kincaid, Sandoval, and Sheffield was dismissed with leave to amend. His Fourth Amendment illegal search and seizure claim was dismissed with leave to amend. Plaintiff was given 30 days to file a second amended complaint. He was cautioned that a failure to do so would result in the action proceeding only with the Fourth Amendment excessive force claim against Radley. (ECF No. 10.)

The order screening the amended complaint was returned as undeliverable. (ECF No. 12.) A party must immediately file written notification with the court of any change of contact information, and failure to do so may result in dismissal of the action, entry of default judgment or other appropriate sanctions. LR IA 3-1. On July 13, 2023, the court gave Plaintiff 30 days to file a notice of address and notice of intent to continue to prosecute this action. He was cautioned that a failure to do so would result in a recommendation that this action be dismissed. (ECF No. 13.)

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). Local Rule IA 3-1 also permits dismissal when a party fails to update his contact information with the court.

Plaintiff has not filed a notice of change of address. Nor has he otherwise indicated an intent to prosecute this action.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit or keep the court apprised of his address impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action and update his address. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.

2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court and his *in forma pauperis* status, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITHOUT PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 22, 2023

_____
Craig S. Denney
United States Magistrate Judge